[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE MOTION TO DISMISS (#103)
This is a tax appeal case. Proper service was made. Return was not timely. The return date was May 15, 1990. Return was not made until March 4, 1991, some ten months late.
The defendant filed an appearance and an answer on April 30, 1990 and May 16, 1990. Because return had not been made and no file existed, the appearance and answer were returned to the defendant.
In an affidavit filed by the plaintiff, the plaintiff's counsel admits that in February 1991 it was discovered that the original petition was not returned to court. Return was then made and an amendment to the application filed on March 18, 1991. In June 1991, the defendant filed a Motion for Default for failure to plead. That motion was denied because the judge hearing the matter discovered that at least at that time the Town of Granby had not appeared.
The law is clear. Both parties have briefed the law to require the trial court to dismiss the action if the return of process was late. The defendant chose not to waive the jurisdictional defect and makes timely motion.
The plaintiff's attempt to establish that the defendant waived the default because an answer was filed and stamped by the clerk and that it was returned to the defendant because there was no file is not worthy of consideration.
The file does not disclose when the defendant Town entered an appearance in an existing file. There is nothing in the file between June 9, 1991 of the Denial of the plaintiff's Motion to Plead and the subject Motion to Dismiss date of September 11, 1991. The court stresses the fact that there is no record of receipt of an appearance being filed between the June 6, 1991 ruling and September 11, 1991. CT Page 8890
Accordingly the court can make no finding that the Motion to Dismiss is untimely.
This court grants the motion. The Petition and Amendments thereto are dismissed.
WALSH, J.